**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| DEBRA LASHAWAY, *et al.*, | ) CASE NO. _____ |
| | ) |
| | ) JUDGE _____ |
| Plaintiffs, | ) |
| | ) **DEFENDANT CITIZENS** |
| | ) **INFORMATION ASSOCIATES,** |
| v. | ) **LLC'S NOTICE OF REMOVAL** |
| | ) |
| | ) Mark D. Wagoner (0068577) |
| ARTHUR D'ANTONIO, III, *et al.*, | ) Katherine S. Decker (0085600) |
| | ) SHUMAKER, LOOP & KENDRICK, LLP |
| Defendants. | ) 1000 Jackson Street |
| | ) Toledo, Ohio 43604-1573 |
| | ) Telephone: (419) 241-9000 |
| | ) Facsimile: (419) 241-6894 |
| | ) Email: mwagoner@slk-law.com |
| | )        kdecker@slk-law.com |
| | ) |
| | ) *Attorneys for Defendant* |
| | ) *Citizens Information Associates, LLC* |

\*        \*        \*

**To: The Honorable Judges of the United States District Court,**
**Northern District of Ohio:**

Defendant Citizens Information Associates, LLC ("CIA") removes the case *Lashaway v. D'Antonio, et. al*, Case No. CI01206547 from the Court of Common Pleas for Lucas County, Ohio to the United States District Court for the Northern District of Ohio. Removal is premised on the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§1332(d) and 1453(b).  Under CAFA, removal to this Court is proper because (1) the putative Plaintiff class has more than 100 members (a class of least 250,000 members is pled), (2) minimal diversity exists between the named Plaintiffs (and members of their putative class) and defendants, and (3) the putative Plaintiff class seeks damages well in excess of $5 million (Plaintiffs allege that the putative class is

entitled to damages between $625 million, on the low end, and $7.5 billion, on the high end).  Consent of the other defendants to remove the case to this Court is not required under CAFA.

## I.  The Original Complaint

1.  On December 3, 2012, Plaintiffs Debra Lashaway and Phillip Kaplan filed a complaint in *Lashaway v. JustMugshots.com*, Case No. CI0201206547 in the Court of Common Pleas for Lucas County, Ohio (the "Original Complaint").  The "defendants" were a list of websites.  CIA was confusingly named below some of the listed websites, but it was unclear whether CIA was a defendant or not. Regardless, service of the Original Complaint was never perfected on CIA.

2.  On January 7, 2013, another defendant (not CIA), Justmugshots.com, filed a Notice of Removal in the United States District Court for the Northern District of Ohio.  The case was assigned to Judge Jack Zouhary and was captioned *Lashaway v. Justmugshots.com*, Case No.3:13-cv-00043-JZ.

3.  Shortly after the removal on January 9, 2013, Defendant Justmughsots.com filed a motion to dismiss (Dkt. #5).

4.  On January 15, 2013, the Court remanded the case to the Lucas County Court of Common Pleas. (Dkt. #6)  The Court did so on the basis that "the Court cannot discern that it has jurisdiction to entertain this matter."  The Order further noted that "Justmughsots.com is a website; nothing more than an intangible asset of an owner…. [T]he Notice of Removal is not brought under the owner's name and does not identify the owner or otherwise make sufficient allegations about the citizenship of the owner and the other parties involved in this lawsuit." From this, the Court concluded that

"[e]valuating the pleadings before it at the time of removal, this Court finds insufficient allegations establishing federal jurisdiction over this action."

5.     After the remand, The Lucas County Court of Common Pleas reactivated the case on January 24, 2013.  Thereafter, the docket for the Lucas County Court of Common Pleas reflects that the case sat idle for the next six months.

## II. The Amended Complaint

6.     On July 8, 2013, Plaintiffs filed "on behalf of themselves and all others similarly situated" an "*Amended Complaint, Including Class Action Claims Under Civ. R. 23, Prayer for Legal and Equitable Relief, With Jury Demand Endorsed Hereon*" (the "Amended Complaint") with the Lucas County Court of Common Pleas.  The Amended Complaint lists a new named plaintiff, Otha Randall, in addition to the original two named plaintiffs.  A copy of the Amended Complaint is attached as Appendix A.

7.     The Amended Complaint describes the putative class as (1) "[a]ll persons who reside in Ohio and whose mugshot has been displayed by one or more of defendants' websites," and (2) "all persons who reside in Ohio and who have been offered a mugshot-removal service in exchange for a fee or other consideration." (See Am. Compl. at ¶35)  The class is "estimated to exceed 250,000." (See Am. Compl. at ¶36)

8.     The Amended Complaint also contains a new list of ten defendants, including CIA, as well as "*John Does* 1-10."

9.     The Amended Complaint pleads two claims against all the defendants: (1) statutory violations of the Ohio Right of Publicity Act, Ohio Rev. Code §2741.01, and (2) statutory violations the Ohio Corrupt Practices Act, Ohio Rev. Code §2923.31, *et seq*,

3

commonly referred to as RICO.  The Ohio RICO claim was not asserted in the Original Complaint and is first raised in the Amended Complaint.

10.     According to the docket for the Lucas County Court of Common Pleas, CIA received formal service of process by Certified Mail from the Lucas County Clerk of Courts on July 15, 2013.

11.     Copies of all process, pleadings and orders served in the case are attached as Appendix B.  To the best of the CIA's knowledge and belief, these documents constitute all of the process, pleadings, and orders as of this date as required by 28 U.S.C. §1446(a).

### III.     Removal is Proper

12.     This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1441(a), 1446 and 1453, which provide that any civil action in which the United States District Courts have original jurisdiction may be removed by a defendant.  In particular, 28 U.S.C. §1453(b) provides that "[a] class action may be removed to a district court of the United States in accordance with Section 1446 (except that the 1-year limitation under section 1446(b) shall not apply), without regard to whether any defendant is a citizen of the state in which the action is brought, except that such action may be removed by any defendant without the consent of all defendants."

13.     This Court has original jurisdiction over this matter pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1332(d)(2), which provides that "[t]he district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which... any member of a class of plaintiffs is a citizen of a State different from any defendant."  Further, 28 U.S.C. §1332(d)(2)(5)(B) requires that the

putative class needs to exceed 100 or more putative members.  As this Court has previously noted, CAFA gives federal courts jurisdiction over putative class actions where the putative class consists of over 100 members, at least one defendant is diverse from at least one plaintiff ("minimal diversity"), and the amount-in-controversy with respect to the entire putative class exceeds $5 million.  *See Miller v. Volkswagen of Am., Inc.*, 889 F. Supp. 2d 980, 983 (N.D. Ohio 2012) (Zouhary, J.) (*citing* 28 U.S.C. §1332(d)(2). CAFA also creates an exception to the "one year rule" of 28 U.S.C. §1446(b), and permits removal in a diversity action even if it occurs more than one year after the complaint was filed. *See* 28 U.S.C. § 1453(b); *Smith v. Nationwide Prop. & Cas. Ins.*, 505 F.3d 401, 406–07 (6th Cir.2007).  The removing defendant has the burden of establishing all jurisdictional prerequisites by a preponderance of the evidence. *Miller*, 889 F. Supp. at 984 (citing *Smith,* 505 F.3d at 404).

14.    Congress intended 28 U.S.C. §1332(d)(2) to "expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions be heard in federal court if properly removed." S. Rep. 109-14, at 43 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 41; *see* H. Rep. 108-144, at 36-37 (2005).

15.    The facts and allegations in this Notice of Removal are derived from the Amended Complaint. CIA does not concede the truth or accuracy of any of the factual allegations contained in the Amended Complaint, and expressly reserves all rights, defenses, and motions otherwise available to it.

### IV.    CAFA's Requirements are Satisfied

### A. The Putative Class is 100 or More Members

16.    28 U.S.C. §1332(2)(5)(B) provides that CAFA will not apply if "the number of members of all proposed plaintiff classes in the aggregate is less than 100."

17.    This requirement is easily met because Plaintiffs allege that the putative class "is estimated to exceed 250,000." (Am. Compl. ¶36).

### B. There is Minimal Diversity Between Plaintiffs and Defendants

18.    28 U.S.C §1332(d)(2)(a) requires minimal diversity, requiring that "any member of a class of plaintiffs is a citizen of a State different from any defendant." This requirement is easily met.

19.    Named Plaintiffs Debra Lashaway, Phillip Kaplan, and Otha Randall are citizens of Ohio. (Am. Compl. at ¶9-11).  Moreover, the putative class is described as "all persons who reside in Ohio" that meet certain requirements.  (Am. Compl. at ¶35.). Thus, all plaintiffs, including members of the putative class, are citizens of Ohio.

20.    Defendant CIA is a Texas limited liability company.  The fact that CIA is a citizen of a state other than Ohio satisfies the minimal diversity requirements of 28 U.S.C §1332(d)(2)(a).

21.    Moreover, no other defendant is alleged to be a citizen of Ohio.  Defendant JustMugshots.com, Corp is alleged to be a California corporation. (Am. Compl. at ¶12). Defendant Arthur D'Antonio is alleged to be a citizen of California. (Am. Compl. at ¶13) Defendants Jeremy Brooks, Kyle Prall, and Ryan Russell are alleged to be citizens of Texas. (Am. Compl. at ¶15-17.) Defendant Star Nine Ventures, Inc. is alleged to be a Texas corporation. (Am. Compl. ¶18). Defendant Guillermo Cuevas is alleged to be a citizen of Florida. (Am. Compl. ¶19). Defendant Openbare Dienst Internationale, LLC is

alleged to have its principal place of business in Nevis, West Indies. (Am. Compl. ¶20). Defendant Unpublish, LLC is alleged to have its principal place of business in Belize City, Belize. (Am. Compl. ¶21).

22.　　Therefore, the minimal diversity required by 28 U.S.C. §1332(d)(2)(a) is satisfied because Plaintiffs, including the putative class member, are citizens of Ohio and Defendants are citizens of states other than Ohio.

## C. The Matter in Controversy Exceeds $5 million

23.　　Original jurisdiction over a putative class action with minimal diversity exists where "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2).  Among other ways, a defendant may meet their evidentiary burden to show the jurisdictional amount in controversy "by calculation from the complaint's allegations." *Fielder v. Penn Station, Inc.*, 1:12CV2166, 2013 WL 1869618 (N.D. Ohio May 3, 2013) (Boyko, J.) (*quoting Frederick v. Hartford Underwriters Ins. Co.,* 683 F.3d 1242, 1247 (10th Cir.2012)).

24.　　As Congress stated its intent in passing CAFA, "if a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000,' the court should err in favor of exercising jurisdiction over the case." S. Rep. No. 109-14, at 42, *reprinted in* 2005 U.S.C.C.A.N. 3, 40; *see* H. Rep. 108-144 at 37. *See also Smith v. Nationwide Prop. & Cas. Ins. Co.*, 505 F.3d 401, 407 (6th Cir. 2007); *Williamson v. Aetna Life Ins. Co.*, 481 F.3d 369, 375 (6th Cir. 2007).

25.　　CIA does not concede that a class should be certified, that CIA violated any laws or engaged in any illegal practice, or that CIA owes any damages.  With that noted,

CIA engages in the analysis of the putative Plaintiff class' alleged damages solely to meet its burden that the amount in controversy requirement under CAFA.

26.    The Amended Complaint evidences that the amount in controversy well exceeds $5 million, based upon (i) the size of putative class according to Plaintiffs' own allegations, and (ii) the relief sought on behalf of each member of the putative class.

27.    According to Amended Complaint's *Prayer for Relief*, Plaintiffs allege that they and each member of the putative class are entitled to statutory damages pursuant to Ohio Rev. Code §2741.07(A)(1)(b) "in the amount of at least $2,500 and not more than $10,000" for each alleged violation of Chapter 2741 of the Ohio Revised Code. (Am. Compl., Prayer for Relief ¶B).

28.    Simple math shows that the Amended Complaint has placed an amount in controversy well in excess of the $5 million jurisdictional threshold.  If the proposed class "is estimated to exceed 250,000 persons" and each member of the class is alleged to be entitled to a *minimum* statutory penalty of $2,500, then the total amount sought by Plaintiffs is at least $625 million.  If the *maximum* statutory penalty of $10,000 is sought, then the total amount sought by Plaintiffs increases to $2.5 billion.  Either way, the $5 million jurisdictional threshold is easily surpassed.

29.    Plaintiffs then allege a second cause of action for violations of Ohio's RICO laws.  Through their Ohio RICO claims, Plaintiffs request a "tripling of such damages as required by Ohio law."  (Am. Compl., Prayer for Relief ¶C). That "tripling" makes the amount sought by Plaintiffs to be between $1.875 billion and $7.5 billion dollars.  Suffice it to say, those amounts are well in excess of the $5 million jurisdictional threshold.

30.    Accordingly, the United States District Court for the Northern District of Ohio has original jurisdiction of this matter pursuant to 28 U.S.C. § 1332(d), which sets

forth the expanded jurisdiction of the Court under CAFA.  Therefore, removal is proper under 28 U.S.C. §§ 1446 and 1453.

## V. Venue

31.     Removal to the United States District Court for the Northern District of Ohio, Western Division, is proper under 28 U.S.C. § 1441 because this is the United States District Court and division having jurisdiction and venue over where Plaintiffs' state court action is currently pending.

## VI.     Removal Is Timely

32.     This Notice of Removal is timely under 28 U.S.C. §1446(b) because it is filed within 30 days of July 15, 2013, the date CIA received formal service of process of the Amended Complaint. *See* 28 U.S.C. § 1446(b).

## VII.   Notice To State Court And Parties

33.     Concurrent with the filing of this Notice of Removal, a Notice of Filing of Notice of Removal is being filed with the Court of Common Pleas for Lucas County as required by 28 U.S.C. § 1446(d).  A copy of the Notice of Filing of Notice of Removal has been filed with the Court of Common Pleas of Lucas County has been attached as Appendix C.

34.     CIA is serving each party and/or each party's respective counsel with a copy of the Notice of Removal and the Notice of Filing of Notice of Removal as required by 28 U.S.C. § 1446(d).

35.     Therefore, CIA has complied with all applicable provisions of 28 U.S.C. § 1446 governing the procedure for removal.

## VIII.  Additional Considerations

36.    No admission of fact, allegation, claim or wrongdoing is intended by this Notice of Removal, and CIA expressly reserves all defenses and motions otherwise available to it.

37.    CIA expressly reserves the right to submit additional evidence in support of the Notice of Removal, including as may be necessary to address and refute any contentions set forth in a motion to remand.

**WHEREFORE**, under 28 U.S.C. §§ 1332, 1441, 1446 and 1453, Defendant Citizens Information Associates, LLC, removes this action from the Court of Common Pleas for Lucas County, Ohio to the United States District Court for the Northern District of Ohio.

Dated: August 9, 2013                        Respectfully submitted,

*/s/ Mark D. Wagoner*
Mark D. Wagoner (0068577)
Katherine S. Decker (0085600)
SHUMAKER, LOOP & KENDRICK, LLP

*Attorneys for Defendant*
*Citizens Information Associates, LLC*

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing **Defendant Citizens Information Associates, LLC's Notice of Removal** was served via email for those parties where counsel has provided an email address and U.S. regular mail on August 9, 2013, on the following:

Fritz Byers
414 N. Erie Street, 2nd Floor
Toledo, Ohio 43604
fritz@fritzbyers.com
*Attorney for Plaintiffs*

Scott A. Ciolek
CIOLEK LTD. – ATTORNEYS AT LAW
520 Madison Avenue, Suite 820
Toledo, Ohio 43604
scott@counselor.pro
*Attorney for Plaintiffs*

Jon D. Richardson
414 N. Erie Street, 2nd Floor
Toledo, Ohio 43604
Jonrich42@gmail.com
*Attorney for Plaintiffs*

Arthur D'Antonio, III
3400 Avenue of the Arts, Apt #B110
Costa Mesa, CA 92626
*Defendant*

Guillermo Cuevas
1164 Ginger Circle
Weston, Florida 33326
*Defendant*

Kyle Prall
9201 Brodie Lane
Austin, Texas 78748
*Defendant*

Ryan Russell
2128 Sage Creek Loop
Austin, Texas 78704
*Defendant*

Justmugshots.com Corp.
c/o Registered Agent:
Virtual Post Solutions, Inc.
340 S. Lemon Avenue
Walnut, California 91789
*Defendant*

Openbare Dienst Internationale, LLC
35 New Road, P.O. Box 2391
Belize City, Belize City 00000 BZ
*Defendant*

Unpublish, LLC
Whois Privacy Services Pty Ltd.
P.O. Box 923
Fortitude Valley QLD 4006 AU
*Defendant*

Jeremy Brooks
2006 W. New Hope Drive
Cedar Park, Texas 78613
*Defendant*

/s/ Mark D. Wagoner
Mark D. Wagoner (0068577)
Katherine S. Decker (0085600)
SHUMAKER, LOOP & KENDRICK, LLP

*Attorneys for Defendant*
*Citizens Information Associates, LLC*