# ORIGINAL

FILED
LUCAS COUNTY

IN THE COURT OF COMMON PLEAS  LUCAS COUNTY, OHIO

2013 JUL -8  P 1: 19

COMMON PLEAS COURT
BERNIE QUILTER
CLERK OF COURTS

| | |
|---|---|
| Debra Lashaway,<br>7127 Washington Dr.<br>Holland, Ohio 43528, | ) Case No. 2012-6547<br>)<br>)<br>) Judge Hon. James D. Jensen<br>) |
| Phillip Kaplan<br>2425 Robinwood Ave.<br>Toledo, Ohio 43620 | **AMENDED COMPLAINT,<br>INCLUDING CLASS ACTION<br>CLAIMS UNDER CIV. R. 23, PRAYER<br>FOR LEGAL AND EQUITABLE<br>RELIEF, WITH JURY DEMAND<br>ENDORSED HEREON** |
| Otha Randall<br>803 Hildebrand Ave<br>Toledo, OH 43604-831 | |
| on behalf of themselves and all<br>others similarly situated | Fritz Byers (0002337)<br>414 N. Erie Street, 2nd Floor<br>Toledo, Ohio 43604<br>Phone: 419-341-8013<br>Fax: 419-241-4215<br>Email: fritz@fritzbyers.com |
| *Plaintiffs,* | |
| -vs- | |
| ARTHUR D'ANTONIO III<br>Owner of JustMugshots.com<br>Owner of Mugshots.mobi<br>3400 Ave. Of the Arts APT B110<br>Costa Mesa, CA 92626, | Scott A. Ciolek  (0082779)<br>Ciolek Ltd. - Attorneys at Law<br>520 Madison Ave. Suite 820<br>Toledo, Ohio 43604<br>Tel: (419) 740-5935<br>Fax: (866) 890-0419<br>Email: scott@counselor.pro |
| CITIZENS INFORMATION<br>ASSOCIATES LLC<br>Owner of BustedMugshots.com<br>Owner of MugshotsOnline.com<br>c/o Registered Agent: Joseph<br>Centrich, Esq.<br>2002 Timberloch Place Suite 200<br>The Woodlands, Texas 77380, | Jon D. Richardson (0011833)<br>414 N.Erie Street, 2nd Floor<br>Toledo, Ohio 43604<br>Phone: 419-241-6168<br>Fax: 419-241-4215<br>Email: jonrich42@gmail.com<br><br>*Attorneys for Plaintiffs* |

GUILLERMO CUEVAS                        )
Owner of findmugshots.com               )
1164 Ginger Cir.                        )
Weston, Florida 33326,                  )
                                        )
JEREMY BROOKS                           )
2006 W. New Hope Dr.                    )
Cedar Park, Texas 78613,                )
                                        )
JUSTMUGSHOTS.COM CORP.                  )
Registered Agent:                       )
Virtual Post Solutions, Inc.            )
340 S. Lemon Ave.                       )
Walnut, CA 91789,                       )
                                        )
KYLE PRALL                              )
9201 Brodie LN                          )
Austin, Texas 78748,                    )
                                        )
RYAN RUSSELL                            )
2128 Sage Creek Loop                    )
Austin, 78704,                          )
                                        )
STAR NINE VENTURES, INC.                )
Registered Agent: Joseph Centrich, Esq. )
2002 Timberloch Place Suite 200         )
The Woodlands, Texas 77380              )
                                        )
Openbare Dienst Internationale, LLC     )
Owner of Mugshots.com                   )
International Whois Privacy Services     )
Limited                                 )
35 New Road, P O Box: 2391              )
Belize City, Belize City 00000 BZ       )
                                        )
Unpublish LLC                           )
Whois Privacy Services Pty Ltd          )
PO Box 923                              )
Fortitude Valley QLD 4006 AU            )
                                        )
John Does 1-10                          )
                      *Defendants.*  )

For their Amended Complaint, plaintiffs Debra Lashaway, Phillip Kaplan and Otha Randall, on behalf of themselves and all other members of the class of persons defined in this Amended Complaint, allege:

## OVERVIEW

1. This is an action for violation of Ohio's Right of Publicity statute, R.C. 2741.01, et seq., and Ohio's Pattern of Corrupt Activities Act, R.C. 2923.32.  It is brought by the named plaintiffs on behalf of themselves and all other members of a state-wide class consisting of more than 250,000 persons, seeking redress for injuries caused by the unlawful conduct of the defendants, who have acted individually and collectively and whose actions have injured plaintiffs.

2. The defendants' conduct that is the subject of this civil action entails their wrongful appropriation, without consent, of the names, photographs, images, and likenesses of the plaintiffs for a commercial purpose that benefits only the defendants, and to extort money from the plaintiffs.

3. Specifically, defendants, acting individually and in concert, publish on various websites the names and photographs (commonly called "mugshots") of individuals who have had some involvement with the state's criminal judicial process, along with information purporting to be a statement of the allegations or charges brought against the individual.

4. The defendants, acting individually and in concert, then offer to remove this information from the website in exchange for a "removal" or "takedown" fee.

3

5. Upon payment of the fee, the picture may or may not disappear from the website, but then appears on another website operated by or affiliated with the entity that charged the fee.

6. This shakedown proceeds serially through websites operated by or in conjunction with the defendants, alternately operating as disclosure and takedown sites.

7. Through this activity, defendants have been able to extract millions of dollars from the named plaintiffs, and from countless members of the putative plaintiff class.

8. They will continue to do so until they are enjoined from their intentional and malicious violation of plaintiffs' rights.

## THE PARTIES

9. Plaintiff Debra Lashaway is a resident of Lucas County, Ohio.

10. Plaintiff Phillip Kaplan is a resident of Lucas County, Ohio.

11. Plaintiff Ova Tate is a resident of Lucas County, Ohio.

12. Defendant JustMugshots.com Corp. is a body corporate organized under the laws of the state of California. It operates a website with the URL justmugshots.com. and conducts business in the State of Ohio.

13. On information and belief, Defendant Arthur D'Antonio III is the owner of JustMugshots.com Corp. He is sued in his individual capacity and also as a shareholder of JustMugshots.com Corp.

14. Defendant Citizens Information Associates, LLC (hereinafter "CIA") is a limited liability company with its registered agent, Joseph Centrich, Esq., at 2002

4

Timberloch Place, Suite 200, Woodlands, Texas, 77380. CIA operates the websites BustedMugshots.com and MugshotsOnline.com, and conducts business in the State of Ohio.

15. Defendant Jeremy Brooks is a resident of the state of Texas. He is sued in his individual capacity and also, based on information and belief, in his capacity as owner, officer, and employee of CIA and Star Nine.

16. Defendant Kyle Prall is a resident of the state of Texas. He is sued in his individual capacity and also, based on information and belief, in his capacity as owner, officer, and employee of CIA and Star Nine.

17. Defendant Ryan Russell is a resident of the state of Texas. He is sued in his individual capacity and also, based on information and belief, in his capacity as owner, officer, and employee of CIA and Star Nine.

18. Defendant Star Nine Ventures Inc. is a Texas Domestic For-Profit Corporation with its registered agent, Joseph Centrich, Esq., at 2002 Timberloch Place, Suite 200, Woodlands, Texas, 77380. Star Nine Ventures operates, promotes, and markets the websites BustedMugshots.com and MugshotsOnline.com, as a well as others and conducts business in the State of Ohio.

19. On information and belief, defendant Gullermo Cuevas is a resident of the state of Florida. He is the owner and operator of a website with the URL FindMugshots.com, which does business in the state of Ohio.

20. On information and belief, Defendant Openbare Dienst Internationale, LLC operates a website with the URL mugshots.com. Its principal place of business

5

in in Nevis, West Indies.  It conducts business in the State of Ohio, but appears not to be authorized to do so.

21. Defendant Unpublish, LLC is a limited-liability company with its principal place of business in Belize City, Belize.  It conducts business in the State of Ohio, but appears not to be authorized to do so.  It Conducts business its own name and under an agency agreement with defendant Openbare Dienst Internationale, LLC.

22. The Defendants solicit customers in the State of Ohio.  Upon information and belief, the Defendants have many paying customers who reside in the State of Ohio who each use the Defendants respective services in the State of Ohio. Upon information and belief, the Defendants conduct continuous and systematic business in the State of Ohio.

23. John Does 1 through 10 are individuals who have participated in managing, organizing, marketing, facilitating, and profiting from the operations of the websites owned and controlled by the other defendants.

## FACTS

24. Each plaintiff had a booking photo taken in the State of Ohio.

25. With respect to each plaintiff, one or more defendants, without the permission, consent or knowledge of the plaintiff, reproduced, publicly displayed and distributed the plaintiff's booking photo on the defendant's or defendants' respective websites.

6

26. Plaintiffs' images have commercial value, as is shown by defendants profiting from the unlawful appropriation of those images for commercial purposes.

27. Defendants' respective websites, along with Plaintiffs' images, were indexed by Google.com, and the images appear under Google Images when a web search for Plaintiffs' name is conducted.

28. Each defendant's use of the plaintiffs' images is for a commercial purpose, among other purposes.

29. For example, Defendant CIA charges a monthly membership fee ranging between $12.95 to $19.95 to individuals who want to view the plaintiffs' photos that are displayed on BustedMugshots.com.

30. Each defendant operates one or more websites that are used to display the plaintiffs' images as part of a commercial enterprise.

31. The display by defendants of plaintiffs' images is intended, among other things, to subject the individual plaintiff to hatred, contempt, or ridicule, or to damage the plaintiff's personal or business repute, or to impair the plaintiff's credit.

32. Each defendant, acting on its own or in conjunction with one or more of the other defendants, makes available to plaintiffs a service to remove the plaintiff's image for a removal fee:  By way of example, Defendant BustedMugshots charges an image and name removal fee of approximately $178 for rush removal of the booking photos from its website.

33. Unless Defendants are enjoined from further use and publication of Plaintiffs' images and names, Plaintiffs will suffer further irreparable injury.

7

## CLASS ALLEGATIONS

34. Plaintiffs reallege the factual allegations of paragraphs 1 through 33, above.

35. The named plaintiffs bring this action under Civ. R. 23 on behalf of themselves and all other members of the class, defined as:

> a. All persons who reside in Ohio and whose mugshot has been displayed by one or more of defendants' websites; and
>
> b. All persons who reside in Ohio and who have been offered a mugshot- removal service in exchange for a fee or other consideration.

### Numerosity

36. The exact number of members of the class, or subclasses, set forth above is not known, but is estimated to exceed 250,000, and is therefore so numerous that joinder of all class members is impracticable.

### Commonality

37. There are questions of law or questions of fact, or both, common to the class, including but not limited to the following:

> a. Whether defendants have used the names and photographs of the members of the plaintiff class;
>
> b. Whether the defendants' use of the names and photographs of the members of the plaintiff class has been for a commercial purpose;
>
> c. Whether the defendants' use of the names and photographs of the members of the plaintiff class is intended to subject the individual

plaintiff to hatred, contempt, or ridicule, or to damage the plaintiff's personal or business repute, or to impair the plaintiff's credit.

### Typicality

38. The claims of the plaintiffs are typical of the claims of the other members of the putative class. The representative parties' claims arise from the same practice and course of conduct that give rise to the claims of the other class members, and the claims are based on the same legal theories.

39. The legal infringements suffered by the plaintiffs are typical of the legal infringements suffered by the other class members.

40. The plaintiffs' claims for statutory damages are typical of the statutory-damages claims of the other class members.

### Adequacy of Representation

41. The named plaintiffs will adequately fairly and adequately protect the interests of the class.

42. The named plaintiffs' interests are not antagonistic to, but rather are in unison with, the interests of other class members.

43. The named plaintiffs' counsel have substantial experience in handling complex litigation, including civil actions involving rights of privacy and publicity, false-light invasion of privacy, and related claims.

### Superiority of Class Action

44. The questions of law and questions of fact that are common to the class predominate over any questions affecting only individual members.

9

45. The primary question that will determine defendants' liability to the class is whether defendants have used plaintiffs' names, photographs, likenesses, or distinctive appearance for a commercial purpose.

46. Likewise central to the determination of defendants' liability to the class is whether defendants have subjected the plaintiffs to hatred, contempt, or ridicule, or to damage the plaintiff's personal or business repute, or to impair the plaintiff's credit for the purpose of obtaining a valuable thing or benefit.

47. Each of these questions is common to the class as a whole, and each predominates over any questions affecting only individual class members.

48. A class action is superior to other available for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorney fees, and demands on court resources.

49. The claims of many of the individual class members are sufficiently small that they would be reluctant to incur the substantial cost and risk of pursuing their claims individually. Certification of this case under Civ. R. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

50. This action meets the requirements of Civ. R. 23 because:

    a. Common questions of law or fact predominate over questions affecting only individual class members;

b.  Separate actions by individual members of the class against the defendants would create a risk of inconsistent or varying adjudications with respect to the class members, and incompatible standards of conduct for the defendants;

c.  The plaintiffs have no knowledge of any other claims currently pending specifically addressing the issues herein; and

d.  Separate prosecution of each individual claim against the defendants would create enormous difficulties and expense for the Court, the individual parties, and the public, requiring each individual claimant to establish liability on the part of the defendants, resulting in duplicative and unnecessary consumption of judicial and other resources.

## CAUSES OF ACTION FIRST CAUSE OF ACTION
## VIOLATION OF OHIO REVISED CODE SEC. 2741.01

51.  Plaintiffs reallege the factual allegations of paragraphs 1 through 48, above.

52.  R.C. 2741.01(A) defines persona to mean an individual's name, voice, signature, photograph, image, likeness, or distinctive appearance, if any of these aspects have commercial value.

53.  R.C. §2741.01(B) state that "Commercial purpose" means, in part, the use of or reference to an aspect of an individual's persona in any of the following manners:

54.  On or in connection with a place, product, merchandise, goods, services, or other commercial activities not expressly exempted under this chapter;

11

55. For advertising or soliciting the purchase of products, merchandise, goods, services, or other commercial activities not expressly exempted under this chapter....;

>   By using the images and names (persona) of the Plaintiffs on and in connection with the advertising, sales, and services of the Defendants' websites, Defendants are infringing Plaintiffs right to publicity by appropriating the commercial value of the plaintiffs' images.

56. Defendants' conduct violates R.C. 2741.01, et seq,

57. Defendants' violation of the Ohio Revised Code is the direct and proximate cause of the injuries sustained by the Plaintiffs and the injuries that will be further inflicted upon the Plaintiffs for so long as defendants continue their unlawful conduct.

58. The Defendants wrongfully use the Plaintiffs' personas for a commercial purpose in multiple ways, including but not limited to, the sales of the photo-removal services which is not in connection with any news, public affairs, sports broadcast, political campaign or account thereby falling outside of the exceptions under R.C. 2741.02(D).

59. Defendants' intentional conduct was undertaken willfully, wantonly, and maliciously, with a conscious disregard of the rights of the plaintiffs and the members of the class they represent.

60. The plaintiffs are entitled to recover damages caused by the defendants' violations of Ohio statutory law.

## SECOND CAUSE OF ACTION Ohio RICO, R.C. 2923.31, et seq.

61. Plaintiffs reallege the allegations of paragraphs 1 through 57, above.

62. Defendants have, with the purpose to obtain a valuable thing or a valuable benefit from plaintiffs, exposed or threatened to expose a matter tending to subject the plaintiff to hatred, contempt, or ridicule, or to damage the plaintiffs' personal or business repute, or to impair the plaintiffs' credit.

63. Defendants' conduct constitutes extortion in violation of R.C. 2905.11.

64. R.C. 2923.32 states that "No person employed by, or associated with, any enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a pattern of corrupt activity."

65. "Corrupt activity" is defined to include conduct that constitutes a violation of, among other things, the Ohio extortion statute, R.C. 2905.11, a third-degree felony.

66. A "pattern of corrupt activity" under the Ohio RICO statute means two or more incidents of corrupt activity that are related to the affairs of the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event.

67. Plaintiffs are entitled under R.C. 2923.34 to seek relief from any person whose conduct violates R.C. 2923.32, including divestiture of the defendant's interest in any enterprise, reasonable restrictions on the individual's future activities, dissolution of the enterprise, an award of treble damages, and an award of costs and reasonable attorney fees.

13

## PRAYER FOR RELIEF

Based on these facts and causes of action, Plaintiffs demand judgment as follows:

A. An order certifying the Class and any appropriate Subclasses and appointing plaintiffs and their counsel to represent the Class;

B. Under the First Cause of Action, an order awarding Plaintiffs and the Class damages, including at the election of the plaintiff, actual damages, including profits derived from and attributable to the unauthorized use of the individual plaintiff persona, as set forth in O.R.C. 2741.07(A)(1)(a), or statutory damages, as prescribed by O.R.C. Section 2741.07(A)(1)(b), in the amount of at least $2,500 and not more than $10,000;

C. Under the Second Cause of Action, an order awarding Plaintiffs and the Class damages and other compensatory relief as the Court deems proper, including the tripling of such damages as required by Ohio law;

D. Under the Second Cause of Action, an order that individual defendants divest their interests in the enterprises;

E. Under the Second Cause of Action, an order that the enterprises be permanently dissolved;

F. Temporary and permanent injunctive relief;

G. Punitive damages for the willful violation of the class members' rights;

H. An award of reasonable attorney fees and costs; and

I. Such other and further relief as this Court deems necessary and proper.

Scott Ciolek
*One of Plaintiffs' Attorneys*

14

## Jury Demand

The Plaintiffs demand a trial by jury on all issues so triable.

Scott Ciolek
*One of Plaintiffs' Attorneys*

Praecipe

To The Clerk:

Please serve a true and correct copy of the foregoing Complaint on the

defendants.

Scott Ciolek
*One of Plaintiffs' Attorneys*

16

## CERTIFICATE OF SERVICE

I hereby certify a copy of foregoing Amended Complaint was filed. Notice of this filing to all parties will be served by regular U.S. mail.

Scott Ciolek
*One of Plaintiffs' Attorneys*

ARTHUR D'ANTONIO III
Owner of JustMugshots.com
Owner of Mugshots.mobi
3400 Ave. Of the Arts APT B110
Costa Mesa, CA 92626,

CITIZENS INFORMATION ASSOCIATES LLC
Owner of BustedMugshots.com
Owner of MugshotsOnline.com
c/o Registered Agent: Joseph Centrich, Esq.
2002 Timberloch Place Suite 200
The Woodlands, Texas 77380,

GUILLERMO CUEVAS
Owner of findmugshots.com
1164 Ginger Cir.
Weston, Florida 33326,

JEREMY BROOKS
2006 W. New Hope Dr.
Cedar Park, Texas 78613,

JUSTMUGSHOTS.COM CORP.
Registered Agent:
Virtual Post Solutions, Inc.
340 S. Lemon Ave.
Walnut, CA 91789,

17

KYLE PRALL
9201 Brodie LN
Austin, Texas 78748,

RYAN RUSSELL
2128 Sage Creek Loop
Austin, 78704,

STAR NINE VENTURES, INC.
Registered Agent: Joseph Centrich, Esq.
2002 Timberloch Place Suite 200
The Woodlands, Texas 77380

Openbare Dienst Internationale, LLC
Owner of Mugshots.com
International Whois Privacy Services Limited
35 New Road, P O Box: 2391
Belize City, Belize City 00000 BZ

Unpublish LLC
Whois Privacy Services Pty Ltd
PO Box 923
Fortitude Valley QLD 4006 AU