IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| DEBRA LASHAWAY, *et al.*, | |
| Plaintiffs, | |
| v. | CASE NO.  3:13-cv-01733-JZ |
| ARTHUR D'ANTONIO, III, *et al.*, | Judge Jack Zouhary |
| Defendants. | |
| | **DEFENDANTS JUSTMUGSHOTS.COM, ARTHUR D'ANTONIO, III'S MOTION TO DISMISS PURSUANT TO RULE 12(B)(2) and 12(B)(6)** |
| | Joshua G. Jones (Pro Hac Vice) |
| | REED & SCARDINO,LLP |
| | 301 Congress Ave Suite 1250 |
| | Austin, TX 78701 |
| | Telephone: (512) 615-5474 |
| | Facsimile: (512) 474-2622 |
| | Email:  jjones@reedscardino.com |
| | *Attorney for Defendants Justmugshots.com, Corp. and Arthur D'Antonio, III.* |

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendants Arthur D'Antonio III and Justmugshots.com, Corp. ("Defendants"), move to dismiss this action for lack of personal jurisdiction under Rule 12(b)(2) of the Federal Rules of Civil Procedure or, in the alternative, failure to state a claim upon which relief can be granted as authorized by Rule 12(b)(6) of the Federal Rules of Civil Procedure.

/s/-Joshua Jones
Joshua G. Jones
301 Congress Ave Suite 1250
Austin, TX 78701
Tel: 512-615-5474
Fax: 512-474-2622
Email: jjones@reedscardino.com
Attorney for Justmugshots.com Corp,
Arthur D'Antonio III

## MEMORANDUM IN SUPPORT

### INTRODUCTION

The only apparent basis for personal jurisdiction offered by Plaintiffs is that Defendants' "conduct continuous and systematic business in the State of Ohio," "solicit customers in the State of Ohio", and "have paying customers who reside in the State of Ohio." Compl. ¶ 22. These allegations are all merely based on the operation of a website in interstate commerce which the 6th Circuit has repeatedly held is insufficient to establish the minimum contacts with a forum state necessary

to establish personal jurisdiction. Therefore, Plaintiffs' Complaint should be dismissed pursuant to Rule 12(b)(2).

In addition to a lack of personal jurisdiction, Plaintiffs' lawsuit seeks to radically expand the reach of Ohio's Right of Publicity Statute by claiming that the use of lawfully obtained mug shot images constitutes a violation of R.C. §§ 2741.01 and 2923.31. To allow §§ 2741.01 and 2923.31 to encompass images made by the authorities would impinge on Defendants' First Amendment rights and interfere with the police's public duties. Therefore, Defendants requests that this Court dismiss Plaintiffs' case for failure to state a claim.

## ARGUMENT

### A. There is No Personal Jurisdiction Over Defendants

The burden is on Plaintiffs to make a prima facie showing of personal jurisdiction over Defendants. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir.1991). For the Court to find personal jurisdiction over Defendants, it must find "(1) the defendant is amenable to service of process under the forum state's long-arm statute; and (2) exercise of personal jurisdiction would not deny the defendant due process." *Id.* at 1459. However, the Court is free to begin by "examining the relevant Due Process considerations, recognizing that a defect of this type would foreclose the exercise of personal jurisdiction even where a properly construed provision of the long-arm statute would otherwise permit it." *Id.* Due Process requires a determination of "whether the facts of the case demonstrate that the non-resident defendant possesses such minimum contacts with the forum state that the

exercise of jurisdiction would comport with 'traditional notions of fair play and substantial justice." *Id.* (*quoting* Int'l Shoe Co. v. State of Wash., 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)).  Personal jurisdiction may be either general or specific.  *Conti v. Pneumatic Prods. Corp.*, 977 F.2d 978, 981 (6th Cir.1992). Plaintiffs have not plead facts showing either general or specific jurisdiction over Defendants.

This Court has stated that the recognition of general jurisdiction in Ohio is debatable.  *Rhodes v. Grooms*, 09-CV-2480, 2010 WL 2232624 (N.D. Ohio May 26, 2010).  In any event, the only contacts with Ohio alleged in the Complaint arise out of the claims alleged in the Complaint which does not satisfy the continuous and systematic test espoused by the Supreme Court.  *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 n. 8 (1984).

Specific jurisdiction requires purposeful availment which "is the *sina qua non* of *in personam* jurisdiction." *Southern Machine Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir.1968).  The only allegations of specific jurisdiction in the Complaint relate to Defendants' operation of a website that can be accessed by Ohio residents.  This Court has recognized that "[t]he use of interstate facilities such as the telephone and mail is a 'secondary or ancillary' factor and 'cannot alone provide the minimum contacts required by due process." *Thomas W. Petrarca Corp., Inc. v. Writers Guild of Am. W. Inc.*, 4:08CV1337, 2008 WL 5725659 (N.D. Ohio July 30, 2008) (quoting *Am. Greetings Corp. v. Cohn*, 839 F.2d 1164, 1169 (6th Cir.1988) (*See also  Market/Media Research, Inc. v. Union Tribune Publ'g Co.*, 951 F.2d 102,

105 (6th Cir.1991) (making telephone calls and sending mail to Ohio does not establish purposeful availment); *Capital Dredge & Dock Corp. v. Midwest Dredging Co.*, 573 F.2d 377, 380 (6th Cir.1978) (mailing of draft contract to Ohio plus personal delivery of final contract by defendant's vice president to plaintiff's Ohio office did not constitute purposeful availment). The Complaint only alleges the use of interstate facilities to establish minimum contacts which the 6th Circuit has held insufficient for establishing specific personal jurisdiction.

Plaintiffs' Complaint did not and cannot adequately allege personal jurisdiction and the Complaint should therefore be dismissed under Rule 12(b)(2).

### B. Standard Governing Motions to Dismiss Under Rule 12(b)(6)

The United States Supreme Court has held that a plaintiff's complaint must state a cognizable claim with sufficient factual matter to state a claim for relief that is plausible on its face. *Bell-Atlantic Corp. v. Twombley*, 550 U.S. 544, 570 (2007). When the allegations of the complaint do not create a claim for relief, "this basic deficiency should … be exposed at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 558. Legal conclusions couched as a factual allegation need not be accepted as true and the mere recitation of the elements of the cause of action are not sufficient. *Id.* at 570. Plaintiffs' Complaint likewise does not state any cognizable claims and should therefore be dismissed.

### C. Plaintiffs' Complaint Fails to State a Claim Under Ohio RICO

The Ohio RICO statute has three elements: "(1) the conduct of the defendant must involve the commission of two or more specifically prohibited state or federal

5

criminal offenses; (2) the prohibited state or federal criminal conduct of the defendant constitutes a pattern of corrupt activity; and (3) that the defendant has participated in the affairs of an enterprise or has acquired and maintained an interest in or control of an enterprise." *Wuliger v. Liberty Bank, N.A.*, 3:02 CV 1378, 2006 WL 42089, *5  (N.D. Ohio Jan. 6, 2006).  Ohio Courts have repeatedly held that "the failure of a plaintiff to plead any of the elements necessary to establish a RICO violation results in a defective complaint which cannot withstand a motion to dismiss as based upon a failure to state a claim upon which relief can be granted." *Universal Coach, Inc. v. N.Y. City Transit Authority, Inc.*, 90 Ohio App. 3d 284, 291 (1993).  In addition, these elements must be plead with specificity.  *Id.*

Plaintiff's RICO gambit most dramatically fails in alleging an enterprise, the third element necessary for a RICO claim.  In civil RICO cases, Ohio courts "have held that an enterprise must be a separate entity that acts apart from the pattern of activity in which it engages."  *Wuliger,* 2006 WL 42089, *5 .  In *Wuliger,* this Court dismissed a civil RICO claim where the complaint failed to allege "the necessary structure to establish an enterprise separate and apart from the business relationship between [defendants]."  *Id.*  In the present case, there is not even an alleged business relationship among the Defendants let alone a sufficient structure to show an enterprise.  The Complaint only vaguely alleges that when one of the Plaintiff's images is removed from one of the Defendant's websites, it often appears on another.  This certainly does not rise to the level of an alleged enterprise for RICO purposes.

6

Far from conspiring together in an enterprise, Defendants are competitors and some have even engaged in litigation against each other. Defendant Citizens Information Associates LLC sued Arthur D'Antonio III and Justmugshots.com in United States District Court for the Western District of Texas just last year. *See Citizens Information Associates, LLC v. Justmugshots.com, Arthur D'Antonio, III, and Four Cubed LLC*, 1:12 CV 00573 (W.D.Tex. 2012). There was not even a settlement reached in the case; it was resolved due to the court's grant of Defendants' motion to dismiss for failure to state a claim. *See* Exh. A.

It bears noting that Plaintiffs' RICO claim was added after the case sat idle for 8 months, probably in an attempt to buttress the defective Right of Publicity claim detailed below. This Court should not permit Plaintiffs' threadbare allegations to suffice and should dismiss the RICO claim with prejudice.

### D. Plaintiffs' Complaint Fails to Allege Commercial Value

The Complaint's Right of Publicity claim is just as deficient as its RICO claim. Plaintiffs have not alleged that their specific mug shot images have any commercial value. The Ohio Right of Publicity Statute provides that a violation occurs if one uses "any aspect of an individual's persona for a commercial purpose." R.C. § 2741.02 (A). "Persona" is defined in the statute as "an individual's name, voice, signature, photograph, image, likeness, or distinctive appearance, *if any of these aspects have commercial value*." R.C. § 2741.01 (emphasis added). The commercial value component is critical to the statute because the purpose of the right of publicity is to protect the appropriation of the commercial value of a

7

person's identity. *See ETW Corp. v. Jireh Pub., Inc.,* 332 F. 3d 915, 930 (6th Cir. 2003) quoting RESTATEMENT (THIRD) OF UNFAIR COMPETITION Chapter 4, § 46.

The Complaint's only allegation of commercial value is "defendants profiting from the unlawful appropriation of [plaintiffs'] images for commercial purposes." Compl. ¶ 26.  Defendants' website does offer to remove a person's mug shot for a fee, and also removes the images for free upon request from people who have had their cases dismissed, records expunged, and other reasons. However Plaintiffs' have utterly failed to allege how this shows commercial value in the image.  To hold that this represents commercial value could have the pernicious effect of subjecting the various sheriff's departments to liability when they charge a fee for release of the mug shot records.  This plainly was not the intent of § 2741.01 and Plaintiffs' Complaint should therefore be dismissed.

  E. Defendants' Website Falls Within the Public Interest Exception

Even if this Court finds that Plaintiffs have alleged some commercial value in their mug shots, Defendants' website clearly falls within the public interest exception to the statute.  The Ohio Right of Publicity Statute contains a number of exceptions one of which states "use of an aspect of an individual's persona in connection with any news, public affairs, sports broadcast, or account does not constitute a use for which consent is required." R.C. § 2741.02 (D)(1).  The 6th Circuit, in ruling that the disclosure of mug shots does not constitute an invasion of

8

personal privacy, noted that public availability of mug shots served important public benefits including the ability to:

> reveal the circumstances surrounding an arrest and initial incarceration of an individual in a way that written information cannot. Had the now famous videotape of the Rodney King beating in Los Angeles never been made, a mug shot of Mr. King released to the media would have alerted the world that the arrestee had been subjected to much more than a routine traffic stop and that the actions and practices of the arresting officers should be scrutinized.

*Detroit Free Press, Inc. v. Department of Justice*, 73 F. 3d 93, 98 (6th Cir. 1996).

Furthermore, this Court has noted that the public affairs exception is not limited to traditional news media. On the contrary, "[t]he test of permissible use is not the currency of the publication of which the picture appears but whether it is illustrative of a matter of legitimate public interest." *Bosley v. WildWett. Com*, 310 F. Supp. 2d 914, 924 (N.D. Ohio 2004). Defendants' website as the medium of communication for matters of the public interest was expressly included by this Court when it noted "[i]n modern times, one could extend this analysis to conclude that information relating to a legitimate public interest on an internet web page is protected communication." *Id.*

It is therefore clear that according to the 6th Circuit, mug shot records are public information serving an important public interest. By extension Defendants' display of these images relate matters of legitimate public interest that falls

squarely within the Public Affairs Exception to R.C. § 2741.01.  Plaintiffs' Complaint should therefore be dismissed.

## CONCLUSION

Plaintiffs have failed to allege personal jurisdiction over Defendants and utterly fail to state a claim upon which relief may be granted.  In addition, the availability of these mug shots fulfills a public benefit that was plainly contemplated by the legislature when it created the Public Affairs Exception to R.C. § 2741.01.  This lawsuit is a transparent attempt by Plaintiffs to use the right of publicity statute to remove public images they find embarrassing.  This would run counter to the 6th Circuit's decision in *Detroit Free Press* which found that the public interest in the availability of these images outweighed the privacy interests of those arrested.  As a result, Plaintiffs' Complaint should be dismissed.

Dated: August 16, 2013

Respectfully Submitted,

/s/-Joshua Jones
Joshua G. Jones
301 Congress Ave Suite 1250
Austin, TX 78701
Tel: 512-615-5474
Fax: 512-474-2622
Email:  jjones@reedscardino.com
Attorney for Justmugshots.com Corp,
Arthur D'Antonio III

**Certificate of Service**

I certify that on August 16, 2013, the above was filed using the CM/ECF system which will send notice of such filing to all attorneys of record.

/s/- Joshua Jones