IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
2013 FEB 26 AM 10: 44
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

| | |
|---|---|
| CITIZENS INFORMATION ASSOCIATES, LLC, § § § PLAINTIFF, § § V. § § JUSTMUGSHOTS.COM, ARTHUR § D'ANTONIO III AND FOUR CUBED, § LLC, § DEFENDANTS. § | CIVIL NO. 1-12-CV-573-LY |

## ORDER ON MOTION TO DISMISS

Before the court are Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted filed July 23, 2012 (Doc. #8); Plaintiff's Response to Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted filed August 1, 2012 (Doc. #12); and Defendants' Reply in Support of Motion to Dismiss for Failure to State a Claim filed August 8, 2012 (Doc. #18). Having considered the motion, response, and reply, the court is of the opinion that the motion to dismiss should be granted for the reasons to follow.

## I. BACKGROUND

Plaintiff Citizens Information Associates, LLC ("Citizens") is a Texas-based internet-publishing company that was founded in 2011 and operates a website, BustedMugshots.com, which publishes police photographs and the related arrest records for various counties and more than twenty-eight states.[1] The records include the name of the alleged violator, alleged violations, date of the booking, location of the alleged violation, age of the alleged violator, and booking photograph

---

[1] Alabama, Arkansas, Arizona, California, Florida, Georgia, Iowa, Idaho, Illinois, Kansas, Kentucky, Louisiana, Maryland, Maine, Michigan, Minnesota, Mississippi, North Carolina, New Jersey, New Mexico, Ohio, Oklahoma, Oregon, South Carolina, Tennessee, Texas, Utah and Wisconsin.

or mugshot. Citizens contends that it has spent thousands of dollars to obtain its database of over 4.6 million records due to the cost of staff and need to continuously update and improve the website. Citizens developed BustedMugshots.com so that users could easily search its records by name and geographic region. Citizens alleges that tens of thousands of users visit BustedMugshots.com each day.

Citizens contends that BustedMugshots.com is, by design, uniquely distinctive in its presentation, composition, and content. The bottom of each webpage of BustedMugshots.com contains a statement notifying the viewer that the website's material is copyrighted. At all times relevant to this case, the main webpage of BustedMugshots.com, all web pages generated by the website's searching and browsing features, and all individual record pages have provided permanent links to Citizens's terms of use.

Citizens filed suit against D'Antonio[2] on June 29, 2012, for claims including violation of the "reverse passing off" provisions of the Lanham Act for passing off Citizens's products as his own, 15 U.S.C. § 1116, *et. seq.* (2008); violations of the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, *et. seq.* (2008); misappropriation of trade secrets; breach of contract; breach of the binding contractual provisions of the BustedMugshots.com's terms of use; and several common-law claims.

Citizens contends that D'Antonio has unlawfully taken over 14 million records from BustedMugshots.com and used the data for D'Antonio's website, JustMugshots.com. Citizens

---

[2]The three defendants all relate to Arthur D'Antonio III. Four Cubed, LLC employs D'Antonio, but he operates the website JustMugshots.com on his personal time. The court dismissed Four Cubed, LLC without prejudice based upon Plaintiff's Notice of Dismissal on July 27, 2012 (Doc. #11). As all remaining Defendants' interest do not diverge, the court will refer to them collectively as D'Antonio.

asserts that JustMugshots.com is essentially a copy of BustedMugshots.com. D'Antonio fully admits that he began web scraping and copying the data from BustedMugshots.com in April of 2012. Citizens contends and D'Antonio admits that D'Antonio uses web-scraping techniques to acquire the data from BustedMugshots.com.[3]

D'Antonio claims that he may legally scrape BustedMugshots.com because he is using public domain information, and that he intends to continue to scrape unless the court enjoins his activity. D'Antonio asserts that he has never consented to any of Citizens's terms of use and contends that all of the records taken from BustedMugshots.com are in the public domain, except for the BustedMugshots.com logo on the mugshots, which he obscures on his website. D'Antonio's motion to dismiss asserts that Citizens has failed to state a claim upon which relief can be granted because his claims either expressly conflict with federal case-law precedent or are preempted by federal copyright law.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows for dismissal of an action "for failure to state a claim upon which relief can be granted." Although a complaint attacked by a Rule 12(b)(6) motion does not need detailed factual allegations, in order to avoid dismissal, the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007). A plaintiff's obligation

---

[3] "A scraper, also called a 'robot' or 'bot,' is nothing more than a computer program that accesses information contained in a succession of webpages stored on the accessed computer. Strictly speaking, the accessed information is not the graphical interface seen by the user but rather the HTML source code—available to anyone who views the site—that generates the graphical interface. This information is then downloaded to the user's computer." *EF Cultural Travel BV v. Zefer Corp.*, 318 F.3d 58, 60 (1st Cir. 2003).

3

"requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* The Supreme Court expounded on the *Twombly* standard, explaining that a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In evaluating a motion to dismiss, the court must construe the complaint liberally and accept all of the plaintiff's factual allegations in the complaint as true. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2009).

### III. ANALYSIS

#### A. Lanham Act Claim

D'Antonio asserts that Citizens's reverse passing-off claim under Section 1125(a) of the Lanham Act should be dismissed because Citizens's complaint fails to allege ownership of anything subject to the protections of the Act. Relying on the U.S. Supreme Court's decision in *Dastar Corp. v. Twentieth Century Fox Film Corp.*, 539 U.S. 23, 25-27 (2003), D'Antonio argues that Citizens's repackaged, public domain mug shots and arrest-record information are not subject to the protections of the Act and are therefore barred under federal law. In response, Citizens asserts that certain district courts have allowed Lanham Act claims to proceed under facts similar to those in this case. *See, e.g., Cable v. Agence France Presse*, 728 F. Supp. 2d 977 (N.D. Ill. 2010); *Experian Mktg. Solutions, Inc. v. U.S. Data Corp.*, 2009 WL 2902957, at *9-10 (D. Neb, Sept. 8, 2009). D'Antonio correctly argues, however, that the factual circumstances in the district court cases cited by Citizens are quite different than those before this court because neither case cited by Citizens involved the reproduction of public domain information.

4

Citizens collects mug-shot images and arrest-record information from numerous jurisdictions and repackages the information for its website, Bustedmugshots.com. The mug shots and arrest-record information that Citizens seeks to protect under the Lanham Act constitute public domain information. Citizens does not allege otherwise. Further, Citizens admits that D'Antonio's website, Justmugshots.com, which posts mug shots and arrest-record information taken from Bustedmugshots.com, does not contain Citizens's trademarks or trade dress.

In *Dastar*, the Supreme Court reasoned that allowing a reverse passing-off claim seeking to prevent the defendant from making its own copies of public domain information "would create a species of mutant copyright law" that would improperly limit the public's right to copy and use public domain information. 539 U.S. at 34. Because the Citizens's information constitutes public domain works barred from the protection of the Lanham Act under *Dastar*, Citizens's claim for reverse passing off shall be dismissed.

### B. State-Law Claims and Misappropriation of Trade Secrets

D'Antonio argues that Citizens's state-law claims, including claims for breach of contract, unjust enrichment, trespass to chattels, and unfair competition, which all seek to protect Citizens's ability to reproduce public domain information, are preempted by the Federal Copyright Act and expressly prohibited by Section 301(a) of Title 17 of the United States Code. *See Vault Corp. v. Quaid Software Ltd.*, 847 F.2d 255 (5th Cir. 1988). D'Antonio further argues that Citizens fails to state a claim for misappropriation of trade secret because the information at issue is public-domain information and therefore not secret. *See Taco Cabana Intern., Inc. v. Two Pesos, Inc.*, 932 F.2d 1113, 1123 (5th Cir. 1991). *See also Carson Products Co. v. Califano*, 594 F.2d 453, 461 (5th Cir. 1979) (however strong other indicia of trade secret status may be, subject matter must be secret, such

that acquiring information would be difficult except by improper means). Therefore, D'Antonio asserts, Citizens's state-law claims should be dismissed. The court agrees.

Despite Citizens contention that D'Antonio's actions, and not the underlying data at issue in this case, give rise to Citizens's claims, the court finds that the fact that the underlying data is public domain information subjects Citizens's claims to preemption under the Copyright Act. Therefore, Citizens's state-law claims and misappropriation of trade secret claim shall be dismissed.

### C. Computer Fraud and Abuse Act Claim

D'Antonio asserts that Citizens fails to allege the required elements under the CFAA, including cognizable loss, and fails to allege facts sufficient to state a claim under the *Twombly* pleading standard. The CFAA is a criminal statute, but it also provides for a civil right of action. *See* 18 U.S.C. § 1030(g). Under the CFAA, "[w]hoever . . . intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage and loss" violates the CFAA. *Id.* at § 1030(a)(5)(C). The loss must aggregating at least $5,000 in value during any 1-year period to one or more individuals. *Id.* at § 1030(c)(4)(A)(i)(I).

Damage is defined as "any impairment to the integrity or availability of data, a program, a system, or information." *Id.* at § 1030(e)(8)(A). The CFAA defines a "loss" as follows:

> [T]he term "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

*Id.* at § 1030(e)(11).

As D'Antonio correctly notes, Citizens's assertions of its losses are entirely conclusory. Citizens's complaint does not allege an interruption of service as a result of D'Antonio's actions, nor

6

any actual costs of at least $5000 associated with Citizens's investigation or response to D'Antonio's alleged access of the computer. As a result, the court finds that the complaint does not contain sufficient facts to support a plausible claim of cognizable loss associated with D'Antonio's alleged access of the computer. Citizens's CFAA claim shall be dismissed.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted filed July 23, 2012 (Doc. #8) is **GRANTED**. All of Plaintiff Citizens Information Associates, LLC's claims against Defendants are **DISMISSED WITH PREJUDICE**.

SIGNED this 26th day of February, 2013.

_____
LEE YEAKEL
UNITED STATES DISTRICT JUDGE